9519

WILLIAMS v. SEABOARD AIR LINE RY.

(90 S. E. 27.)

1. MASTER AND SERVANT—"FELLOW SERVANT"—CONSTITUTIONAL PROVI-
SION.—Under Const., art. IX, sec. 15, giving every employee of a rail-
road the same remedies for injury from the negligence of the railroad
or its employees as are given to persons not employees when the
injury results from the negligence of a superior agent or from the
negligence of a fellow servant engaged in another department of
work, a farmer in the temporary employ of a railroad as section
hand taking out defective crossties and spacing ties under the direc-
tion of a section master, was not a "fellow servant."

2. MASTER AND SERVANT — ACTION FOR INJURY — NEGLIGENCE. — In an
action by a temporary section hand for injury resulting from the
piling of rock by the rails, so that a rapidly moving train struck the
pile and drove a stone against him, evidence *held* to show the defend-
ant's negligence.

3. TRIAL — ACTION FOR INJURIES — INSTRUCTIONS — EVIDENCE. — Where
there was no evidence of negligence in running the train at the speed
at which it was moving, and the negligence, if any, lay in having a
pile of rock by the side of the track, defendant's requested instruc-

tions that there was no evidence that the train was running at a dangerous rate of speed was irrelevant, and properly refused.

4. TRIAL—ACTION FOR INJURY—INSTRUCTIONS—RELEVANCY.—Where the rules of the defendant railroad proven by the plaintiff had no application to the testimony, the defendant's request to charge upon the rules and their effect was properly refused.

5. MASTER AND SERVANT—ACTION FOR INJURY—REQUEST.—Where the section master in charge of the plaintiff testified that the train gang did not necessarily stay on the track in front of an approaching train, but that they were not allowed to go off until the train was close, the plaintiff's requested instruction that the fact that the section hand's work was done under the immediate direction of the section master was an assurance that they might safely proceed to do the work without searching for danger and in reliance upon the section master was properly given.

Before MAULDIN, J., Columbia, February, 1916.   Affirmed.

Action by Green Williams against the Seaboard Air Line Railway.   Judgment for plaintiff, and defendant excepts and appeals.

The exceptions were as follows:

Exception 1. That his Honor erred in refusing defendant's motion for a nonsuit as set forth in the first ground therefor, as follows: "That there is absolutely no testimony of any actionable negligence on the part of the defendant to go to the jury to show that the Seaboard caused this injury to Green Williams."

Exception 2. That his Honor erred in refusing defendant's motion for a nonsuit made at the close of plaintiff's testimony upon the second ground set forth in said motion, to wit: "All the evidence shows that, if there was negligence, the injury was a direct proximate result of the negligence of a fellow servant through the section men engaged in the same line of work by his testimony."

Exception 3. That his Honor erred in refusing defendant's motion for direction of a verdict in its favor on the

first ground of said motion, as follows: "(1) There is no evidence of negligence sufficient to go to the jury showing actionable negligence on the part of the Seaboard which was a proximate cause of the injury."

Exception 4. That his Honor erred in refusing defendant's motion for the direction of a verdict made upon the conclusion of the testimony upon the second ground, to wit: "That all the evidence conclusively shows that the injury, if he was injured, was caused by the negligence of a 'fellow servant."

Exception 5. That his Honor erred in refusing defendant's third request to charge, as follows: "That there was no evidence in this case that the train was running at a dangerous rate of speed, as there was no evidence that the track over which said train was running was in bad condition or unsafe for said train to pass thereon"—the error being that the position stated was correct and the defendant was entitled upon its request to have this issue taken from the jury.

Exception 6. That his Honor erred in refusing and modifying defendant's second request to charge, as follows: "That the numerous rules offered in evidence by the plaintiff, requiring flags to be placed to warn approaching trains of the dangerous condition of the track, or that the track was impassable, or that it was obstructed, are intended for the protection and safety of the passengers on said trains and are not intended for the protection and safety of section laborers on said track, and that, therefore, the violation of such rule would not be actionable negligence on the part of the company in favor of a section hand injured while at work on said track"—the error being that the said request contained a correct proposition of law, and that the rules referred to are all in writing and when introduced in evidence it was the duty of the Court to construe same.

Exception 7. That his Honor erred in charging plaintiff's ninth request to charge, as follows, to wit: "The fact that

the servant's work is done in the presence and under the immediate direction of the master's foreman is an assurance by the master that the servant may safely proceed to do the work, and he is, therefore, not bound in such case to search for danger. He may rely for his safety upon the conduct of the foreman"—the error being in that his Honor thereby charged on the facts: First, said charge assuming the fact that the servant's work was being done in the presence and under the immediate direction of the master's foreman; and, second, assuming that the defendant was thereby assured that he might safely proceed to do the work and might rely for his safety upon the conduct and presence of the foreman; third, that said request was practically an instruction to the jury that the defendant's injury was not caused by any negligence of a fellow servant, which was a direct issue in the case.

*Messrs. Lyles & Lyles,* for appellant, submit: *There is no evidence of negligence:* 81 S. C. 31; 78 S. C. 556; 72 S. C. 398, 404; 179 U. S. 658; 166 U. S. 617. *Defense of fellow servant:* 51 S. C. 79; 71 S. C. 53; 72 S. C. 237. *Duty basis for negligence:* 96 S. C. 238.

*Messrs. A. M. Deal* and *Alfred Wallace,* for respondent, cite: *As to duty to furnish a reasonably safe place:* 71 S. C. 58; 70 S. C. 490; 63 S. C. 559. *Master's knowledge of latent dangers:* 93 S. C. 395; 72 S. C. 411; 99 S. C. 231; 98 S. C. 125. *Duty:* 69 S. C. 387. *Circumstantial evidence showing negligence:* 98 S. C. 42 and 348; 88 S. E. 445. *Issue for jury:* 54 S. C. 498; 72 S. C. 130; 98 S. C. 348; 100 S. C. 107. *Superior servant master's representative:* 78 S. C. 413; 86 S. C. 161; 82 S. C. 299; 56 S. C. 566. *Constitutional provisions:* 86 S. C. 162; 56 S. C. 448; 61 S. C. 468. *So at common law:* 95 S. C. 138; 89 S. C. 387; 80 S. C. 232. *Who is master's representative:* 80 S. C. 539; 87 S. C. 452; 85 S. C. 363; 82 S. C. 542; 68 S. C. 55. *Con-*

*current negligence of master and fellow servant:* 91 S. C. 127; 92 S. C. 528. *Charge on negligence:* 90 S. C. 25. *Issue for jury:* 63 S. C. 494; 86 S. C. 98; 66 S. C. 520; 84 S. C. 202; 100 S. C. 107. *Stating abstract propositions of law:* 68 S. C. 55; 73 S. C. 481; 87 S. C. 187; 89 S. C. 268.

September 26, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort to the person. Verdict for the plaintiff for $900. Appeal by the defendant.

The plaintiff was doing the work of an ordinary section hand, but he was a farmer, and was only in the temporary employment of the railroad, and at the incident of the alleged accident he, with others, was either taking out defective crossties or was spacing ties on the roadbed near Blaney; and, of course, the gang of hands was under the direction of a boss called the section master. The track "was a rock ballast track," and the workers took the rock out of the roadbed and piled them on the sides of it pending the insertion of a new tie, or in order to space the ties, as the case was. A fast passenger train came along, and just as the cowcatcher of the engine passed the plaintiff he was struck, presumably by a rock, and felled to the ground.

The act of negligence charged by the complaint is indefinite; but that which the testimony tended to prove is the piling of rock so high by the side of the rails and betwixt them that a rapidly moving train might strike the pile and drive a missile against a bystanding servant.

There are seven exceptions, but not so many issues to be decided. The exceptions will not be considerd by number, or in order, but, we trust, comprehensively.

1. The section hand was clearly under the direction and control of the section master, and was not, therefore, a fel-

low servant. Constitution, art IX, sec. 15. A gang of negroes on a railroad track could not be managed without a superior man to say to one "go and he goeth, and to another come and he cometh." That is the essence of labor management.

2. The testimony tended to prove that the negligence of the defendant caused the injury. The section master testified thus:

"Q. What do you know about Green Williams being hurt? A. When the train passed—when I heard the train coming I asked the men to level down the rock, if any too high, in the track, and, of course, they did."

It is true the plaintiff's counsel objected to this testimony; but it was the essence of the case, and the Court allowed it. The same witness further testified:

"Maybe you don't understand me. I said as far as I could see, the rock was leveled down—as far as I could tell the rock was leveled down low enough. Then the train passed. Green Williams ran down the fill and sat down after the train passed; he did not get up. I went to him and asked him what was the matter. He said something had struck him on the leg; so one of my men pulled up his pants legs and I looked at his leg, but I could not see any sign of anything had struck him."

This testimony tends to show that the servants piled the rock too high by the master's direction; that they were instructed to level it down so that the train might pass; that the reasonable inference is the pile was not sufficiently leveled and a fast moving engine struck a rock and drove it against the bystanding servant.

3. The defendant's third request was sound, and the Court refused it; but it was irrelevant to the testimony. There was no negligence to run the train at the speed it was moving, so far as the testimony shows. The negligence lay by the side of the track, the pile of rock.

4. The defendant's second request was not relevant to the testimony. The three rules of the company proven by the plaintiff had no application to the testimony. There was no need to instruct the jury about the rules.

5. The plaintiff's ninth request was sound when applied to the testimony. The section master testified thereabout as follows:

"Q. That train gang stays on the track when they hear the train coming until you tell them to get off? A. No, sir; not necessarily. Q. They quit work as soon as they hear the train coming? A. No, sir; as soon as they see the train coming. Q. You don't allow them to get off until the train gets close? You are not wasting time? A. No, sir. Q. They work until you tell them to get off? A. Sometimes I tell them to get off, sometimes I don't; they know when to get off, anyway."

We are, therefore, of the opinion that the exceptions are not well taken, and that the judgment below ought to be affirmed.

It is so ordered.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion of the Court.

MR. JUSTICE FRASER, *concurring.* I concur in the result for the reason that I think it was the nature of the duty, and not the right to control, that governs this case. The plaintiff's duty was to take out the rocks and pile them. It was the duty of the "section boss' to have them leveled, so as not to come in contact with a moving train. If, therefore, the rocks were left at an improper height and were struck by a passing train and hurled against the plaintiff and wounded him, the jury were warranted in concluding that the place at which the plaintiff was injured was rendered unsafe; that it was rendered unsafe by the master. The duty to provide a safe place for the servant to work was the master's duty, and not the duty of a fellow servant.